## Kelchner v. Nanticoke Borough, Appellant.

*Negligence—Boroughs—Heap of ashes in roadway.*

A municipality is not bound to remove from the street every inequality against which a foot passenger may be liable to strike a foot, or which may possibly cause a stumble. Neither is it required to smooth off and level down the surface of a dirt road to a uniform plane.

In an action against a borough by a woman to recover damages for personal injuries sustained by falling over a small heap of ashes in the roadway of a street, the plaintiff is not entitled to recover where the evidence shows that under ordinary circumstances the deposit of ashes in the street was not detrimental, as they prevented slipping on the hard rock to which the street was cut down, that the heap in question was only five or six inches in height, and that on the night before the accident rain and sleet fell, and that the heap of ashes in question became a small mound, hardened and concealed from sight.

*Practice, C. P.—Verdict—Special verdict—Judgment.*

It is the province of a special verdict to find and place on record all the

essential facts of the case. This includes the disputed as well as the undisputed facts. What is not found by the verdict is presumed not to exist, and no inferences as to matters of fact are permitted to supply the facts themselves which the verdict should have found. In entering judgment, the court is confined to the facts found by the special verdict, and unless they are sufficiently found, no judgment can be entered.

*Charge of court—Inadequacy.*

A charge in a negligence case which does not state to the jury that the question of the defendant's negligence is for their consideration and does not give any definition of negligence nor the degree of care or supervision which a municipality defendant is bound to exercise over its streets, is inadequate.

Argued April 11, 1904. Appeal, No. 245, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., May T., 1900, No. 494, on verdict for plaintiff in case of R. F. Kelchner and Emma Kelchner v. Nanticoke Borough. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WHEATON, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The following were the questions submitted to the jury and the answers thereto:

1. Were there ashes piled up on the street at the point where Mrs. Kelchner fell? *Answer:* Yes.

2. If so, had they been there long, and how long? *Answer:* Three weeks prior to date of accident.

2½. And had they been there long enough so that the borough officially ought to have known it? *Answer:* Yes.

3. If ashes were there, were they covered with ice? *Answer:* Yes.

4. Was there any soft snow on the ice? *Answer:* Yes.

5. Did Mrs. Kelchner step on the top or side of a pile of ashes concealed under ice, or ice and snow? And if so, were the ashes concealed by ice alone or frozen snow, or by ice and soft snow on top of the ice? *Answer:* We believe that Mrs. Kelchner stepped on the side of a pile of ashes concealed by ice and soft snow on top of the ice.

6. If there were ashes there in a pile, were they apparent to Mrs. Kelchner, did she see them, or could she have seen them if she had looked? *Answer:* No.

Or if she could not have seen the ashes, could she have seen the mound, if there was a mound, covered by ice or by ice and snow, as you shall find that fact to be? *Answer:* She could not have seen a mound inasmuch as it was covered with ice and soft snow.

7. If there were ashes there, was her fall caused by the ashes, or by a slippery condition of the street-alone, or by the ashes and the ice which had formed on top of them, or by the ashes and ice and snow on top of them? *Answer:* By the pile of ashes concealed by ice and soft snow.

The jury returned a verdict for Emma Kelchner for $4,500 and for R. F. Kelchner $2,000, subject to the point reserved whether there was any evidence in the case entitling plaintiffs to recover. The court subsequently entered judgment for the plaintiffs on the verdict.

*Error assigned* was in entering judgment for the plaintiffs on the verdict.

*William S. McLean* and *Richard B. Sheridan*, with them *J. M. Fritz*, for appellant.—There was no evidence to go to the jury that the defendant had constructive notice that the pile of ashes was on the cartway of the street: Burns v. City of Bradford, 137 Pa. 361; Rapho Twp. v. Moore, 68 Pa. 404; Otto Twp. v. Wolf, 106 Pa. 608; Rogers v. Williamsport, 199 Pa. 450; Morris v. Philadelphia, 195 Pa. 372; Beltz v. Yonkers, 148 N. Y. 67 (42 N. E. Repr. 401).

There was no evidence then to go to the jury that the ash heap was so notorious as to be evident to all persons passing by: Burns v. Bradford, 137 Pa. 361; Lohr v. Philipsburg Borough, 156 Pa. 246.

The ash heap was not the cause of the accident: Ahern v. Melvin, 21 Pa. Superior Ct. 462; Rotsell v. Warren Borough, 10 Pa. Superior Ct. 283; Boehm v. Bethlehem Borough, 4 Pa. Superior Ct. 385; Stager v. Ridge Ave. Passenger Ry. Co., 119 Pa. 70; Stringert v. Ross Township, 179 Pa. 614; Cotton v. Wood, 98 Eng. Com. Law Rep. 566.

The special findings of the jury must stand unaided by inferences, intendment or admissions. They must find every fact necessary to show a good cause of action: Wallingford v.

Dunlap, 14 Pa. 31 ; Pittsburg, Fort Wayne & Chicago R. R. Co. v. Evans, 53 Pa. 250 ; McCormick v. Insurance Co., 163 Pa. 184.

*John M. Garman,* with him *Samuel L. Fedder,* for appellees. —The law imposes upon borough authorities the duty of the maintenance of the public streets so that they shall be reasonably safe to persons using them : McLaughlin v. Corry, 77 Pa. 109 ; Erie v. Schwingle, 22 Pa. 388 ; Fritsch v. Allegheny, 91 Pa. 226 ; Kennedy v. Williamsport, 11 Pa. Superior Ct. 91 ; Monongahela City v. Fischer, 111 Pa. 9 ; Forker v. Sandy Lake Boro., 130 Pa. 123 ; Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 399 ; Chilton v. Carbondale, 160 Pa. 463.

OPINION BY MR. JUSTICE POTTER, June 15, 1904 :

This action was brought to recover damages for alleged negligence on the part of the defendant in failing to keep the public highway clear of obstructions to foot travelers.    The specific act charged was failure to level down a small heap of ashes which had been deposited in the roadway by some of the adjoining residents.    It appears from the evidence that the placing of ashes in the wagonway in that vicinity was not regarded as detrimental under ordinary circumstances, as the road was cut down to hard rock, and the ashes tended to prevent slipping and added security to the foothold.    But upon the night before the happening of the accident, for which recovery is here sought, rain and sleet fell, and froze as it fell, so that by morning the surface of the street generally was covered with ice and snow, and this particular little heap of ashes became a small mound, hardened and concealed from sight.

It is alleged that Mrs. Kelchner, while walking in the wagonway, owing to the slippery condition of the sidewalk, and in the act of passing from the roadway back to the sidewalk, stepped, without noticing it, upon the small conical mound formed by the frozen ash heap, and her heel slipped from its sloping side and she fell, and received severe injury.    The ash heap was described as between five and six inches in height, and owing to the loose material of which it was composed could not ordinarily constitute an impediment in the roadway to the passage either of vehicles or foot travelers.    In

the nature of things, it would ordinarily soon be scattered by the passing feet of animals or the wheels of vehicles. It was only the condition of the elements and the falling of the rain and sleet which hardened it into a permanent form. It is apparent, therefore, that the inquiry as to the negligence of the borough authorities for permitting such a small heap of ashes to remain in the street, should be limited to the period during which alone, if at all, it could be properly considered as an impediment. This was only after it had, by the storm and frost, been changed from a harmless heap of soft material into a small but solid conical mound in the road. We find from the testimony that it existed in this shape only during the day upon which the accident occurred. No one seems to have noticed its existence or made any complaint concerning it.

The trial judge was in doubt as to whether there was any evidence in this case which ought to be submitted to a jury as establishing the defendant's negligence, and the plaintiff's right to recover. He said to the jury: "Your verdict in this case will therefore be subject to a point of law, which I hereby reserve, as follows; whether there is any evidence in this case entitling the plaintiff to recover." He did not, however, allow the jury to find generally for the plaintiff or defendant under full instructions, but required the jury to find specifically as to certain questions of fact. The case was thus presented to the jury with directions to make separate answers to the questions propounded by the court. His instruction in this respect was as follows: "If you find all of the various matters in dispute which I have submitted to you in accordance with the plaintiff's contention (and I will send out a list of them, so that you may make a categorical answer to these propositions of fact), and that Mrs. Kelchner did not receive her injury by reason of any negligence on her part, which contributed to the accident, then you will find a verdict in favor of the plaintiffs, specifying separately how much for each plaintiff."

The difficulty is, however, that the jury could not have understood from the charge of the court, that they had anything to do with determining the negligence of the borough; and yet this was the essential question of fact to be determined in the case. The jury must have understood from the charge

of the court that they were only to find the facts as to the questions which were specifically submitted to them. These did not include any finding as to negligence upon the part of the borough. Substantially, the jury were told that, if they found that ashes had been placed on the street at the point where Mrs. Kelchner fell, and had been allowed to remain there so long that the borough officials ought to have known it, and that if Mrs. Kelchner, without contributory negligence on her part, stepped on the top or side of the mound, so that her fall was caused by its presence and not by the slippery condition of the street, they should then find a verdict in favor of the plaintiffs. This was error. These facts might all have been found by the jury, and yet it would not follow necessarily that the borough authorities were negligent in not discovering and removing the ashes between the time they were transformed into a solid mound and the happening of the accident to Mrs. Kelchner.

The court seems to have assumed that if the presence of the ash heap was known, or ought to have been known, to the borough officials, this fact would necessarily convict them of negligence. Such an assumption, however, was not warranted. It by no means follows, that the mere presence of the small heap of ashes in the roadway at the time of the accident, constituted negligence. And yet the existence of negligence must have been found in order to support the judgment in this case. The jury were not told that the question of negligence was for their consideration, nor was any definition of negligence given to them, nor was the degree of care or supervision which the borough authorities were bound to exercise over the streets explained to them.

As this court said in Standard Sewing Machine Co. v. Royal Insurance Co., 201 Pa. 645 : "It is the province of a special verdict to find and place on record all the essential facts of the case. This includes the disputed as well as the undisputed facts. What is not found by the verdict is presumed not to exist, and no inferences as to matters of fact are permitted to supply the facts themselves which the verdict should have found. In entering judgment, the court is confined to the facts found by the special verdict, and unless they are sufficiently found, no judgment can be entered."

In the present case the essential fact, that the borough officials were negligent, was not included in the special facts found by the jury. The court did say to the jury in one brief sentence that " the right to recover in this case is dependent upon proof of the negligence of the defendant borough, and that its negligence was the approximate cause of the plaintiff's injury and damage." But the charge was so meagre and inadequate in so far as any definition of the duty required of the defendant under the circumstances was concerned, as to justly subject it to the criticism which was expressed by our Brother MESTREZAT upon the charge of the trial judge in Hayes v. Penna. R. R. Co., 195 Pa. 184, where he said : " It will be observed that the duty of the defendant in regard to keeping the bridge in repair is not defined, nor is there anything in the charge which indicates to the jury what was the measure of defendant's duty in this respect. The court tells the jury that : ' If you believe those facts and that without any negligence on her part, she was injured by reason of the negligence of the railroad, then she would be entitled to recover.' The substance and effect of the charge is that if the defendant was guilty of negligence, the plaintiff could recover. Without more, this was insufficient. The jury could not determine whether the defendant was guilty of negligence without knowing the degree of care required of the defendant in keeping the bridge in repair. The absence of this care would constitute the negligence for which the defendant would be responsible. Hence, the court should have instructed the jury clearly and distinctly as to the duty of the defendant in the premises, and the failure to do so was error."

Upon a review of all the testimony in the present case, and under a just and reasonable view of the responsibility of the defendant under the law, it seems to us that the evidence was by no means sufficient to justify its submission to the jury. A municipality is not bound to remove from the street every inequality against which a foot passenger may be liable to strike a foot, or which may possibly cause a stumble. Neither is it required to smooth off and level down the surface of a dirt road to a uniform plane. Such a degree of care is beyond the reach of practical attainment. Absolute safety is nowhere to be secured. A person may stumble or slip or fall anywhere,

either in the house or out of doors.    The testimony shows that at the time of the accident, the streets and sidewalks were covered with ice.    It was difficult to get around safely upon the streets in general.    Nothing but the most anxious and minute vigilance and almost microscopic inspection could have disclosed to the borough officials the existence of the small ash heap in the roadway, covered as it was with ice and snow. The duty which the law imposes upon a municipality is only to exercise ordinary care to see that the highway is safe for travelers.    For want of this it is liable, but for nothing more.

The evidence in this case satisfies us that the doubt which the trial judge entertained as to the sufficiency of the evidence to be submitted to the jury, was well founded, and should have prevailed with him.    The assignments of error are sustained, and the judgment is reversed, and is here entered for the defendant.