DeElse et ux. *v.* Wilf Brothers Appliances, Appellant.

Argued September 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Howard R. Detweiler,* with him *Frank R. Ambler,* for appellant.

*Robert Boyd, Jr.,* for appellees.

OPINION BY GUNTHER, J., November 22, 1950:

Patrick DeElse and Yolanda DeElse, appellees, instituted this action in trespass against Wilf Brothers Appliances, appellant, for injuries sustained to the wife when she stepped on a broken glass jug in front of appellant's premises. A jury returned verdicts for both appellees and this appeal is from dismissal of appellant's motions for judgment n.o.v. and for a new trial.

On February 19, 1948, about 2:00 p.m., wife-appellee stepped out of an automobile which was stopped at or near the curb in front of appellant's business premises. She looked down at the ice and snow which had accumulated on the pavement near the curb, saw noth-

ing that appeared to her to be other than ice and snow, and then stepped down into the base or bottom of a broken glass jug. As a result, she cut her right foot causing injuries for which this action was instituted.

Appellant's main contention is that the court below erred in refusing its motion for judgment n.o.v. in that appellant, as a matter of law, was not chargeable with constructive notice of the presence of the glass. Appellees made no effort to prove actual knowledge, but relied on the doctrine of constructive notice, viz., that the broken glass should have been apparent to appellant upon reasonable inspection. Wife-appellee described what she saw as follows: "Q. Could you see the curb where you stopped? A. No, I could not see it. Q. When you opened the door you looked down where you were going to step? A. Yes. Q. What could you see? A. I could see ice. Q. Could you see snow? A. There was a lot of snow around it. Q. Could you see anything else? A. No. Q. Could you see the glass? A. No, I did not". She admitted that she could not see the glass; that all she could see was "a lot of snow around". A witness, Joseph Blum, was called on behalf of appellees. Mr. Blum testified that he was employed next door to appellant's store; that on the day in question he went out for lunch "between 12 and 12:30" and glanced down at the corner near Wilf Brothers and "something was shining and I looked down and saw some glass. I thought nothing of it. On the way back I glanced there, and it was still there". He testified that he returned from lunch approximately three-quarters of an hour later and that the glass was still there.

The mere happening of an accident does not establish that one of the parties was negligent. The burden is on appellees to prove that appellant was negligent and that said negligence was the causative factor of the injuries complained of. The duty imposed upon an occupier of land in these circumstances is to maintain

the pavement in a condition of reasonable safety; appellant's duty was one of reasonable care. *Rogers v. South Philadelphia National Bank,* 160 Pa. Superior Ct. 154, 50 A. 2d 697; *Harrison v. Pittsburgh,* 353 Pa. 22, 44 A. 2d 273; *Bowland v. Pittsburgh Railways Co.,* 350 Pa. 411, 39 A. 2d 619. Appellees attempted to show appellant's negligence in that the broken glass jug had remained on the sidewalk such a sufficient length of time as to visit appellant with constructive notice of its presence; that failure to remove the broken glass jug was a breach of its duty to exercise reasonable care. Whether there is sufficient evidence to sustain a finding that a defective or dangerous condition is so notorious that notice may be implied, is generally a question for the jury. Where, as here, however, the direct testimony of wife-appellee was that the condition was not observable to her and could only have been discovered by a close examination, it becomes a matter of law for the court. *Siger v. Pittsburgh,* 156 Pa. Superior Ct. 51, 55, 39 A. 2d 296. In *Kelchner v. Nanticoke Borough,* 209 Pa. 412, 419, 58 A. 851, it was held: "Nothing but the most anxious and minute vigilance and almost microscopic inspection could have disclosed . . . the existence of the small ash heap . . . covered as it was with ice and snow." In the case of *Malone v. Union Paving Co.,* 306 Pa. 111, 116, 159 A. 21, the Court, in discussing the subject of constructive notice in circumstances strikingly analogous to the instant case, said: "That it (the alleged defect) was not observable . . . is evident from the fact that the plaintiff herself did not see it, though she says she carefully looked. If it was observable, and she chose to proceed notwithstanding, she was guilty of contributory negligence and cannot recover. If it was not observable to her, its condition was not such as to charge the city with constructive notice, and hence no recovery could be had against it on that ground". Cf. *Landis v. Philadelphia,* 295 Pa. 227, 145 A. 124;

*Rogers v. South Philadelphia National Bank,* supra; *Sherman v. Pittsburgh,* 155 Pa. Superior Ct. 560, 39 A. 2d 156.

Appellee's testimony clearly discloses that the condition was not observable by her; that but for the sun's rays at an angle Mr. Blum likewise would not have seen the dangerous condition. The length of time that such condition existed becomes immaterial where, as here, the defect is only observable by exacting a high degree of care from the occupier of the land. In light of this evidence, the court below erred in dismissing appellant's motion for judgment n.o.v. It now becomes unnecessary to dispose of appellant's complaint that a new trial should be granted.

Judgment reversed, and entered for defendant.