# Reddington, Appellant, *v.* City of Philadelphia.

*Negligence—Municipalities—Defective sidewalk—Injury to pedestrian—Cause of injury—Insufficient evidence—Nonsuit.*

1. The party who claims damages by reason of the negligent act of another must show not only that the other party was negligent but that his injuries are the result of such negligence.   The com-

plaining party has no cause of action unless the wrongdoer's act produced the injuries complained of.

2. In an action by a pedestrian against a municipality to recover damages for personal injuries alleged to have been sustained by reason of plaintiff's tripping over a water vent in a pavement, a compulsory nonsuit was properly entered where plaintiff testified that she caught her foot and fell; that she did not know what she tripped over, but was told after the accident where the hole was that she had tripped in; and it appeared that no one saw her until after she had fallen, and the evidence did not disclose how far she was from the hole when she fell or at the time when she was picked up by those who came to her assistance, and was conflicting as to the place where she fell.

Argued March 21, 1916.   Appeal, No. 53, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1913, No. 3258, refusing to take off nonsuit in the case of Jennie Reddington v. City of Philadelphia. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts appear in the opinion of the Supreme Court.

The court entered a compulsory nonsuit, which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*J. Blair Moffett,* for appellant.

*Frederick Beyer,* Assistant City Solicitor, with him *Albert S. Henry,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 17, 1916:

The plaintiff avers in the statement that her injuries resulted from the defendant's negligence in permitting a water box or vent, about four inches square and set about two or three inches below the surface, to remain in the

pavement in front of premises No. 252 North Wilton street, Philadelphia. She alleges that her feet slipped into the hole or depression and she was violently thrown to and upon the pavement, thereby sustaining the injuries for which the action was brought. The difficulty with the plaintiff's case is that she failed to sustain by proof the averment that she was thrown by reason of her foot slipping into the hole. The party who claims damages by reason of the negligent act of another must show not only that the other party was negligent but that his injuries are the result of such negligence. The complaining party has no cause of action unless the wrongdoer's act produces the injuries complained of.

The plaintiff testified that as she was walking on the pavement she caught her toe and fell in front of premises No. 256 North Wilton street. She further said that she did not know what she tripped in or fell over. After she fell, she says that she was told where the hole was which she tripped in. This is substantially her testimony and, as will be observed, it does not show that her fall was the result of her stepping in the hole.

Three persons came to her assistance when she fell, and it was one of these persons, she alleges, who told her where the hole was. They were called as witnesses by the plaintiff. None of them knew what caused the plaintiff to fall. Mr. Beaumont was sitting on his porch on the opposite side of the street. He testified that as she walked along the street she tripped, and that he remarked to his wife that the plaintiff had fallen. He said the hole was in the center of the pavement in front of premises No. 252 and near the property line of premises No. 254 North Wilton street. Mr. Jones who lives on premises No. 254 North Wilton street testified that he did not see the accident, that he was reading at the time, and was not looking in the direction in which Miss Reddington was walking, but heard her fall and saw her lying on the pavement in front of his house. He went to her assistance. He testified subsequently that she tripped in the hole in the pave-

ment, whereupon the court suggested that he did not see her trip, which was manifestly correct, as he had not seen the accident and his conclusion that she had tripped in the hole was simply an inference from the fact that the hole was in the pavement near the place where she fell. He said the hole was near the dividing line between premises No. 252 and No. 254. Mrs. Jones, the wife of the former witness, testified that she was reading at the time and did not see the accident, but heard the fall. She also went to the assistance of the plaintiff, and saw her lying on the pavement.

This is the testimony in the case on which the plaintiff relies to show that the depression in the pavement, caused by the sunken water box, was the cause of her fall which resulted in the injuries she sustained. The plaintiff, as will be observed, does not testify that she tripped in the hole, and it is quite clear that none of the other witnesses saw the plaintiff until after she had fallen, and that they did not know what caused her to fall. The case, therefore, is barren of any testimony to sustain the averment in the statement that the negligence of the defendant was the cause of the injuries of which the plaintiff complains and for which she seeks to recover damages in this case. The evidence does not disclose how far the plaintiff was from the hole when she fell or when she was picked up by those who came to her assistance. It is conflicting as to the place she fell. There are no facts disclosed by the testimony which would warrant the jury in finding what caused the plaintiff to fall. The jury cannot be permitted to find that because there was a depression in the pavement it caused her to fall. The burden was upon the plaintiff to sustain by proof the averment in her statement that her foot slipped into the depression which caused her to fall, and having failed to show this fact the nonsuit was properly granted, and the learned court below was right in refusing to take it off.

Judgment affirmed.