## Stern, Appellant, v. Reading.

*Negligence—Municipalities—Streets—Holes — Vehicle driver—Fall—Proximate cause—Contributory negligence—Nonsuit.*

1. When negligence is averred as the cause of injuries sustained it is not sufficient that the injured plaintiff establishes merely the negligence alleged; he must show that it was the cause of his injuries.

2. Where in an action against a municipality to recover damages for injuries sustained by plaintiff in consequence of being jolted from the wagon which he was driving, it was' alleged that the accident occurred as the result of a wheel of the wagon falling into a hole which defendant had negligently allowed to remain in a public street, a compulsory nonsuit was properly entered where the evidence failed to show that the wheel of plaintiff's wagon fell into the hole, or that in consequence of such fall into the hole he was jolted from the wagon.

3. In such case where the accident occurred on a clear day and the hole was of such dimensions that the plaintiff could not have avoided seeing it from the wagon if he had exercised ordinary care, a nonsuit could properly have been entered on the ground of contributory negligence.

Argued April 27, 1916. Appeal, No. 7, Jan. T., 1916, by plaintiff, from final order of C. P. Berks Co., Dec. T., 1913, No. 49, refusing to take off a compulsory nonsuit, in case of George Stern v. City of Reading. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ENDLICH, P. J.

There was evidence that the hole in the street alleged to have caused plaintiff's fall was 20 inches long, 12 inches wide and 8 inches deep. Further facts appear by the opinion of the Supreme Court.

The trial judge entered a compulsory nonsuit which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*William Kerper Stevens,* with him *William B. Bechtel,* for appellant.—The negligence of the defendant was the proximate cause of the injury.

The connection between defendant's negligence and the plaintiff's injury is shown by the circumstances and by direct evidence: Graham v. Philadelphia, 19 Pa. Su-

perior Ct. 292; Coleman v. Towanda Township, 42 Pa.
Superior Ct. 146; Sheetz v. United Traction Co., 49 Pa.
Superior Ct. 177; Kohler v. Penna. R. R. Co., 135 Pa.
346; Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis
Ry., 158 Pa. 233.

*Joseph R. Dickinson,* for appellee.—There was no connection between the hole described by the witness and the injury complained of as having been caused thereby: Kennedy v. Philadelphia, 220 Pa. 273; Byrne v. Philadelphia, 211 Pa. 598; Lerner v. Philadelphia, 221 Pa. 294; McIlhenney v. Philadelphia, 214 Pa. 44; Pittsburgh Southern Ry. Co. v. Taylor, 104 Pa. 306; Hill v. Tionesta Township, 146 Pa. 11; Haven v. Pittsburgh & Allegheny Bridge Co., 151 Pa. 620; Keeley v. Shanley, 140 Pa. 213; Ahern v. Melvin, 21 Pa. Superior Ct. 462.

OPINION BY MR. CHIEF JUSTICE BROWN, July 1, 1916:

While driving on Fifth street, in the City of Reading, the pin bolt of the shafts of plaintiff's wagon was dislodged and the vehicle was so jarred that he was thrown from his seat onto the street. The wheels of the wagon passed over him and he was severely injured. In this action he avers that the dislodging of the pin bolt was caused by a wheel of his wagon getting into a hole at the intersection of Fifth and Chestnut streets. It was shown that there was a hole at that point, that the pin bolt had been dislodged and that plaintiff had fallen from his wagon and was injured; but the learned trial judge sustained a motion for a nonsuit for the reason that it had not appeared that the hole in the street had caused the injuries to the plaintiff. If the hole was of the dimensions given by the witnesses, the plaintiff, if he had exercised ordinary care, could not have avoided seeing it from his seat in the open wagon, for the accident occurred on a clear day, in broad daylight. While his contributory negligence would have been a good ground for the nonsuit, the learned trial judge was clearly right in holding

that the evidence failed to disclose that the negligence of the city in permitting the hole to remain in the street had caused the accident. No other conclusion could have been reached from the plaintiff's own testimony. The averment in his statement is that the bolt was dislodged because a wheel of his wagon "fell or went into" a deep hole in the street; but this is his testimony: "Q. You didn't see a hole? A. I surely didn't, no, sir. Q. How do you know it went into a hole? A. I don't know that. Q. You don't know that? A. But I know that I was thrown off. I hit something and was thrown off. I could feel that the wheel went down.......Q. How do you know there was a hole on the day you drove by there? A. I guessed there was a hole because my wheel went in." No witness called by the plaintiff saw the accident, and, in view of his own testimony, the learned trial judge, in discharging the rule to take off the nonsuit, properly said: "The utmost effect that can be accorded to plaintiff's evidence is to show the existence of an opportunity in the condition of the street for the happening of the injury complained of. But proof of such opportunity, without more, is not proof of the fact that it did so happen: see Wagener v. Ry. Co., 235 Pa. 559, at p. 562, and cases there cited. For aught the evidence indicates, it may have been caused by the dropping out of its place of the pin bolt for some reason for which the defendant was not at all responsible."

When negligence is averred as the cause of injuries sustained, it is not sufficient that the injured plaintiff establishes merely the negligence alleged; he must show that it was the cause of his injuries. In the very recent case of Reddington v. City of Philadelphia, 253 Pa. 390, the plaintiff's complaint was that her foot had slipped into a hole or depression shown to have existed in the pavement over which she was walking. In sustaining the judgment of nonsuit, we said, through Mr. Justice MESTREZAT, what is equally applicable to this appellant's case: "The difficulty with the plaintiff's case is that she

failed to sustain by proof the averment that she was thrown by reason of her foot slipping into the hole. The party who claims damages by reason of the negligent act of another must show, not only that the other party was negligent but that his injuries are the result of such negligence. The complaining party has no cause of action unless the wrongdoer's act produces the injuries complained of."

Judgment affirmed.