## Greenfield *v.* Pittsburgh & Lake Erie R. R., Appellant.

Argued October 8, 1931.   Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*James H. Beal, Jr.,* with him *John J. Head* and *Reed, Smith, Shaw & McClay,* for appellant.

*J. Thomas Hoffman,* for appellee, was not heard.

PER CURIAM, November 23, 1931:

Plaintiff sued to recover for personal injuries and the jury found in her favor. Defendant's motion for judgment n. o. v. being refused, this appeal followed. Between 7:30 and 8 o'clock on the evening of March 19, 1928, plaintiff, a woman fifty-nine years of age, entered defendant's railroad terminal in Pittsburgh for the purpose of purchasing a ticket and boarding a train for Coraopolis. In descending the inside flight of steps leading from the street level to the station's main waiting room,—they extended two flights down with a landing between,—and while on the second or lower flight, her right heel came in contact with a child's nursing bottle half full of milk with a nipple on the end, lying on the step, causing her to fall and thereby sustain serious injuries to her spine and minor injuries to other parts of her body. Plaintiff testified that, upon entering the station, the lights were dimmed, and being aware of the practice of dimming lights between arrival and departure of trains, she knew she had ample time to purchase her ticket and did not hurry but walked carefully. To show constructive notice to defendant of the presence of the bottle, plaintiff offered a witness (Boggs) who testified that in passing through the station about 6:20 o'clock or slightly thereafter, on the evening of the accident, he noticed a child's nursing bottle lying at about the center of the lower flight of steps.

Defendant produced evidence that the lights were not dimmed between trains, that such was not the practice, and that, between the time Boggs said he saw the bottle on the steps and the time plaintiff was injured, seven passenger trains arrived at or left the station, in each instance large numbers of departing or intending passengers traveled up and down the steps, and that many other persons also used them, visiting various shops, rest rooms, etc., connected with the station. A porter in defendant's employ testified he swept and inspected the steps about five minutes before 7 o'clock on the night of the accident and did not see a child's nursing bottle there. Another porter testified to having inspected the stairs several times between 6:30 and 8 o'clock the same evening and saw no bottle on them until after plaintiff had fallen.

Appellant contends the case should not have been submitted to the jury and bases its contention principally upon objection to the credibility of Boggs, and, in the second place, on the question of constructive notice of the presence of the bottle, that Boggs was not asked to identify the one produced in court as the particular bottle he had seen on the steps an hour and some minutes before the accident occurred. In our opinion his oral description of the milk bottle sufficiently tallied with the bottle produced to render his identification of that article unnecessary. If the jury believed Boggs, then the presence of the bottle on the heavily traveled flight of steps for an hour and a half was constructive notice to defendant company. As we said in Coyle v. P. & R. Ry. Co., 256 Pa. 496, 499, it is the "duty of the carrier to furnish a safe and sufficient means of ingress to and egress from its trains and to exercise the strictest vigilance in protecting intending passengers, assembled at its stations, from liability to injury." It was not improper for the jury to infer that the bottle remained where it had been seen at 6:20 until it caused plaintiff's fall, particularly in view of her

testimony, although contradicted, that the light was dim and the bottle lay back against the riser of the step. The conflict in testimony was not of the kind rendering it impossible for the jury to make an essential finding therefrom (Mudano v. P. R. T. Co., 289 Pa. 51, 58), but of the character whose contradictions were properly to be resolved or reconciled by the jury. It was for the jury to determine the credibility of plaintiff, her witness Boggs, and those who contradicted them. Appellant has called nothing to our attention warranting the setting aside of this verdict, which an examination of the record shows to be amply supported by evidence.

The judgment is affirmed.