## Norris, Appellant, *v.* Pennsylvania Railroad Company.

Argued January 24, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Allen Spangler,* for appellant.

*Philip Price,* of *Barnes, Biddle & Myers,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 25, 1935:

Following a verdict in plaintiff's favor, the court below entered judgment for defendant non obstante veredicto, and we have this appeal by plaintiff.

From the testimony in plaintiff's behalf the jury could have found the following facts: Plaintiff was a passenger on defendant's railroad, having traveled from Wilmington, Delaware, to Philadelphia. In leaving Broad Street Station, she used the steps leading into Market Street. An employee of defendant, whose duty it was to keep the steps clean, had swept up a pile of dirt and left it on one of the steps where it was to some extent concealed from view by the riser of the step. The pile of dirt consisted of match sticks, cigarette butts, cigar butts, pieces of paper and litter. Plaintiff was carrying a large bag on her arm and an umbrella. In order to avoid others on the stairway, plaintiff was proceeding in a diagonal direction. As she stepped down to the third or fourth step her foot came in contact with the pile of dirt which she

had not seen, something rolled under her foot, which she said felt like a match, she was precipitated down the steps and her hip was fractured. As she was being carried up the steps she saw the pile of dirt, and said to the two men carrying her, that it was what had thrown her. One of them observed after the accident that the pile had been stepped in.

We repeated in Greenfield v. Pittsburgh & Lake Erie Ry. Co., 305 Pa. 456, 458, what we said in Coyle v. Phila. & Reading Ry. Co., 256 Pa. 496, 499, that it is the "duty of the carrier to furnish safe and sufficient means of ingress to and egress from its trains, and to exercise the strictest vigilance in protecting intending passengers assembled at its stations, from liability to injury." The same rule applies to passengers departing from stations. It would seem that no one could successfully gainsay that it is a negligent act to leave a pile of dirt on the steps of one of the main entrances to a large railroad station.

The case in hand is stronger for the plaintiff than the Greenfield Case, in which recovery was allowed. There the injured person fell after stepping on a nursing bottle on the steps of the station. In that case there was present the question of notice to the company of the presence of the bottle on the steps, quite evidently dropped or placed there by some one unconnected with the railroad. Here the pile of dirt, if the witnesses are speaking truthfully, was left on the steps by one of the railroad company's own employees, whose duty it was to keep the steps clean.

Under the facts as they were shown, the question of plaintiff's contributory negligence, whether she could and should have seen the pile of dirt, was for the jury.

The judgment is reversed and it is directed that the court below enter judgment on the verdict in plaintiff's favor.