566

CESTARIC et al. v. PENNSYLVANIA
GREYHOUND LINES, Inc.

No. 8413.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 9, 1943.

Decided Dec. 31, 1943.

John E. Evans, Jr., of Pittsburgh, Pa. (Carl D. Smith and Evans, Evans & Spinelli, all of Pittsburgh, Pa., on the brief), for appellants.

Sanford M. Chilcote, of Pittsburgh, Pa. (Dickie, Robinson & McCamey, of Pittsburgh, Pa., on the brief), for appellee.

Before JONES, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

On July 9, 1940, about 8 P.M., plaintiff, Mary Cestaric, fell and was injured on the property of the defendant at the entrance to its station in Pittsburgh. The plaintiff had come in from a suburb with the intention of becoming a passenger on one of defendant's buses. It had rained that afternoon and again around 6:30 P.M. It rained continuously on the way into the terminal but the downfall was not as heavy in Pittsburgh, being described as "drizzling" there. The entrance floor to defendant's premises was flush with the sidewalk. This floor extended from the inner edge of the sidewalk some distance back to the terminal doors. Beyond these, it became the first floor of the building proper. The second story of the building extended out over the entrance.

The entrance floor was constructed of terrazzo, a mixture of cement and small pieces of marble. There was no abrasive material in it. It became slippery when wet. At the time of the accident, there was one small metal mat on the outside of the entrance doors. Plaintiff fell some few feet nearer the sidewalk than the mat. Plaintiff had been at the bus station on prior occasions. She testified that the terrazzo looked the same as always; that it did not change color when wet, as did the cement sidewalk. She said that she did not know the terrazzo was wet or slippery until she fell. As plaintiff fell, she found a great deal of water on the floor. Her clothing was soaked. There was testimony by a builder that it was customary to protect against such a floor when wet, by placing mats over it or applying sand. There was no evidence on the part of the defendant on the question of its liability. The case went to the jury, with verdicts thereafter in favor of the woman plaintiff and her husband. Upon motion of the defendant, the trial judge set the verdicts aside and directed that judgment be en-

tered for the defendant. From that judgment, plaintiffs have taken this appeal.

 We think that the controversy presented jury questions, as to the negligence of the defendant (including the question of notice), and the contributory negligence of the plaintiff. The appellee urges the decision in Copelan v. Stanley Co. of America, 142 Pa.Super. 603, 17 A.2d 659, as supporting its position. That case did involve terrazzo construction. Its facts, however, were entirely different. It does not control here, where there was a great deal of rain water on a flat terrazzo floor, with the combination urged as causing plaintiff's fall. In Gallagher v. Children's Aid Society, 344 Pa. 152, 23 A.2d 452, which is relied upon by the appellee on the question of notice, there was no proof of notice; actual or constructive. Here, the testimony was to the effect that: it had been raining heavily within nine miles of the defendant's terminal that afternoon and evening; it rained during the entire trip in to the bus station; there was a great deal of rain water on the floor of the terminal when it was finally seen and felt by the plaintiff and her clothes were soaked by it. That evidence raised a jury question whether the condition of the terrazzo floor at the time plaintiff fell, had existed for such a period as to impliedly put the defendant on notice.

Nor do we see that plaintiff could be held to have been contributorily negligent as a matter of law. It is true she had been at the premises on other occasions and she did know it was raining. But she said that the floor looked the same as always and that she did not know it was wet or slippery until she fell. Under this testimony, the question of her own fault, was a matter for the jury to pass on.

The facts here, to some extent, resemble those in Flora v. Great A. & P. Tea Co., 330 Pa. 166, 198 A. 663. That involved a fall on a wet linoleum store floor. There was testimony that the linoleum became slippery when wet. The court said (page 665 of 198 A.): "If a combination of a 'smooth linoleum' with water or snow produced a slippery condition at a place where invitees had occasion to walk, sometimes, as in the instant case, with packages in their arms or hands, it was defendant's duty to correct that condition."

The rule, involved in store floor cases of the type of Flora v. Great A. & P. Tea Co., supra, entitling an invitee to reasonable care, applies to the present situation of an intending passenger upon the premises of a public utility. This is shown by a long line of Pennsylvania decisions. Norris v. Pennsylvania R. Co., 317 Pa. 586, 177 A. 785, is a fair example of these. There the Court said at pages 785 and 786 of 177 A.: "We repeated in Greenfield v. Pittsburgh & Lake Erie R. Co., 305 Pa. 456, 458, 157 A. 587, what we said in Coyle v. Philadelphia & Reading Ry. Co., 256 Pa. 496, 499, 100 A. 1005, 1006, that it is the 'duty of the carrier to furnish a safe and sufficient means of ingress to and egress from its trains, and to exercise the "strictest vigilance" in protecting intending passengers, assembled at its stations, from liability to injury.' The same rule applies to passengers departing from stations. It would seem that no one could successfully gainsay that it is a negligent act to leave a pile of dirt on the steps of one of the main entrances to a large railroad station."

The judgment of the District Court will be reversed.