## Schleback, Appellant, v. Boat Trades Association of Philadelphia, Inc.

Argued September 25, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Thomas Z. Minehart,* with him *Charles A. Rothman,* for appellant.

*Michael A. Foley,* for appellee.

OPINION BY DITHRICH, J., January 18, 1946:

This action of trespass for personal injuries presents a rather novel set of facts. On the evening of March 6, 1942, the plaintiff, accompanied by his stepson and a friend of the latter, attended the Sportsmen's Show conducted by the defendant in Convention Hall in the City of Philadelphia. At about nine o'clock, they went to the center of the Hall to watch a slingshot perform-

ance, an exhibition of marksmanship. A large portable pool, about 60 feet by 30 feet, running lengthwise north and south, was located in the center of the hall. The performance was being given on a stage or platform on the east side of the pool. On the north and south sides of the pool there was seating space; on the west side there was standing room. The plaintiff was standing on the west side of the pool, a little to the south of the center, in the third row of spectators. The performer was standing on the north end of the stage, shooting in a southeasterly direction, i. e., away from the plaintiff. The performer was about twenty feet from the target. The plaintiff was about 65 feet from the performer and about 75 feet from the target. The line from the plaintiff to the target met the line from the performer to the target at an angle of about 30°. The pool was about three feet high and the stage about four feet high. The performer was about 5′8″ tall and was shooting sideways across his chest. The target was about the same height as his chest, so that he shot in a horizontal line. Behind the target there was a heavy canvas screen or back-drop.

The evidence contains no description of the slingshot. Presumably it was some sort of a rubber band device. Plaintiff testified that the announcer described the missile as a lead pellet, but there is no other evidence of the size or material of the missile. The targets were little clay disks about 2½″ in diameter. These disks were fitted onto the end of a three-foot metal rod that hung from a frame and swung back and forth like a pendulum. Thus the performer was shooting the pellets at a moving target. When he hit the target, there was a dull sound and the clay would fly to pieces. As plaintiff was standing there watching the performance, the accident happened. He described it as follows: "And he hit a few clays and broke them, and then he had a few misses. Then there was a clang and the next thing I knew I was struck over the left eye." This testimony was corroborated by plaintiff's stepson. Plaintiff's

theory of the accident is that a missile shot from the slingshot missed the target, hit the metal pendulum rod and ricocheted to his face. In order to have done so, the missile would have had to travel 20 feet forward, from the slingshot to the pendulum rod, ricochet off the pendulum rod at an angle of 30°, and then go 75 feet backward to the plaintiff.

Plaintiff's case was built entirely upon the testimony of himself and his stepson. The pellet which allegedly struck the plaintiff was not produced, nor was it even found by the plaintiff. The slingshot performer was not present and no effort was made to prove the power of the instrument, the velocity of the missile, or the distance it would travel. There was no direct proof that the plaintiff was struck by a missile propelled from the slingshot. The defendant offered no evidence. The jury found for the plaintiff, but the court entered judgment for the defendant *non obstante veredicto*. Plaintiff appealed.

In granting the motion for judgment n. o. v. the learned judge of the court below said: "The difficulty with the plaintiff's case . . . is that there is no proof of what injured the plaintiff. It is true that he was watching the exhibition by the slingshot expert, but there isn't a word of evidence that a pellet or any other part of the apparatus used by the performer struck the plaintiff. There is no evidence from a ballistic standpoint of how rapidly those missiles move even when they ricochet, if they do. The plaintiff doesn't seem to have offered sufficient evidence to satisfy reasonable and well balanced minds that the plaintiff's injuries were caused by an instrumentality in the hands and under the control of the defendant's employee." We agree with the court below. "In the absence of any direct proof as to the manner in which the accident occurred, the burden was on appellant to produce evidence of circumstances 'so strong as to preclude the possibility of injury in any other way and provide as the *only* reasonable inference the conclusion' . . :" that

the injury was caused by the negligence of defendant in the manner alleged. " 'Proving that an accident happened, or the existence of an opportunity for it to happen in the manner alleged, is entirely insufficient to establish negligence: Stern v. Reading, 255 Pa. 96. Plaintiff must go further and show not only defendant's negligence, but that the injuries complained of were the result of such negligence: Reddington v. Philadelphia, 253 Pa. 390; Wagner v. Lehigh Traction Co., 212 Pa. 132': Erbe v. Phila. R. T. Co., 256 Pa. 567, 570": *Houston v. Republican Athletic Association, et al.*, 343 Pa. 218, 220, 22 A.2d 715.

The judgment is affirmed.