## Rogers, Appellant, *v.* South Philadelphia National Bank et al.

Argued December 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*David R. Griffith, Jr.,* with him *Harry J. Alker, Jr.,* for appellant.

*Michael A. Foley,* for appellee.

OPINION BY ROSS, J., January 17, 1947:

This is a trespass action brought by a pedestrian to recover damages for personal injuries sustained as the result of a fall on a sidewalk. The suit was against the property owner and the city. The court below directed a verdict for the defendants, plaintiff's motion for a new trial was refused, and this appeal was taken.

Proof of injury alone or of negligence of a defendant without proof that the negligence caused the injury cannot establish liability (*Burns v. City of Pittsburgh,* 320 Pa. 92, 181 A. 487) and cases involving injury on sidewalks are no exceptions. *Silberman, Admr., v. Dubin,* 155 Pa. Superior Ct. 3, 36 A. 2d 854.

The plaintiff testified that as she was proceeding along the east side of Broad Street in the City of Philadelphia about midnight on August 13, 1942, she was "hurled to the pavement" of the property owned by the South Philadelphia National Bank and, as a result thereof, sustained various injuries. A woman who was with the plaintiff at the time of the accident testified that as they were walking along, the plaintiff was "thrown to the ground". This constitutes the only evidence in the record as to how the accident occurred. A few minutes after the accident, the plaintiff examined the pavement where she had fallen and "found this pocket in the pavement, and it was shaped exactly like a heel. It wasn't large, no larger than a heel", and again, "there was a small pocket in the sidewalk". Her witness testified "there was a hole in the pavement . . . large enough to contain a woman's heel". This constitutes the evidence in the record as to a defect in the sidewalk and the negligence of the defendants.

Proving that an accident happened, or the existence of an opportunity for it to happen is entirely insufficient to establish negligence. *Stern v. Reading,* 255 Pa. 96, 99 A. 367; *Schlebach v. Boat Trades Association,* 158 Pa. Superior Ct. 362, 45 A. 2d 410.

The duty of the defendants was merely to maintain the pavement in a condition of reasonable safety, not to insure pedestrians traversing it against any and all accidents (*Harrison et vir v. Pittsburgh et al.,* 353 Pa. 22, 44 A. 2d 273) and, as stated by the late President Judge KELLER in *German v. McKeesport City,* 137 Pa. Superior Ct. 41, at page 48, 8 A. 2d 437, "The law does not require that sidewalks shall be as free of defects, imperfections, irregularities, unevennesses, etc., as the floors of buildings."

The plaintiff was required to show not only negligence on the part of the defendants but that the injuries

complained of were the result of such negligence (*Reddington v. Philadelphia*, 253 Pa. 390, 98 A. 601) and she failed to meet the burden imposed upon her.

Furthermore, defendants' liability must be predicated upon actual or constructive notice of the existence of the defect. There is neither allegation nor proof of actual notice to either the property owner or the city of the existence of the alleged defect in the sidewalk and there is no testimony in the record from which a jury could find constructive notice. The record is silent as to the length of time the hole had been in the pavement. The plaintiff testified that although she had walked over the same sidewalk many times before the night of the accident she "had never noticed the hole before, never knew it was there". She was required to exercise reasonable care for her safety while walking on the sidewalk (*Anderson v. Supplee-Wills-Jones Milk Co.*, 119 Pa. Superior Ct. 386, 181 A. 368) and was bound to present a case which disclosed that she exercised due care or was free from negligence or "as has sometimes been expressed, she must not show that she failed to exercise due care". *Adams v. Gardiner*, 306 Pa. 576, 160 A. 589. She was familiar with the sidewalk and if there was a dangerous condition in it at the place of the accident and it was observable, and she chose to walk over it notwithstanding, she would have been guilty of contributory negligence; but if the condition was not observable to her it was not such as to charge the defendants with constructive notice. *Sherman v. Pittsburgh*, 155 Pa. Superior Ct. 560, 39 A. 2d 156; *Landis v. Philadelphia*, 295 Pa. 227, 145 A. 124; *Malone v. Union Paving Co.*, 306 Pa. 111, 159 A. 21.

Judgment affirmed.