Hillelson *v.* Renner, Appellant.

Argued November 14, 1956.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Joseph F. Weis,* with him *Weis & Weis,* for appellant.

*Earl J. Cavanaugh,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY HIRT, J., March 20, 1957:

The defendant is the owner of a three-story brick dwelling house on Baywood Street in Pittsburgh. Her mother, the plaintiff in this action, and her brother, Leonard Hillelson, live with her there in a family relationship. After dark in the early evening of January 15, 1952, plaintiff left the house with her son Leonard, intending to go to a "movie". There are three concrete steps 12 to 15 feet wide, descending from a wooden porch on the front of the building to a concrete walk which extends from the foot of the steps to the sidewalk on Baywood Street. On leaving the house plaintiff's son preceded her and went to his automobile at the curb. Plaintiff after crossing the porch fell as she stepped on the second of the concrete steps, and was injured. She didn't know what caused her to fall. Her son Leonard was the only witness in the case other than plaintiff. He testified that when he came home from work, the evening before, he noticed 3 apple cores, two of them at "the bottom of the steps" and one on the second or middle step; and he told his sister to remove them. Thus there is evidence that the defendant

had actual notice of the condition of the steps in this respect.

The only evidence on the subject of defendant's negligence is Leonard's testimony that when he came to plaintiff as she lay on the walk at the foot of the steps, he observed "an apple core and a heel mark just grooved in there" on the second step. On this testimony the jury found defendant chargeable with actionable negligence and awarded plaintiff $1,500 in damages. When plaintiff was asked: "as you walked down the steps did you see anything that would cause you to fall?" she answered: "I wasn't interested to look. I was just interested to come down to go to the show." She did not see the apple core on the step although the darkness did not prevent the son from seeing it. Nevertheless the plaintiff on this record cannot be charged with contributory negligence as a matter of law. In this appeal however we agree with the position taken on behalf of the defendant that the proofs do not establish that the injury was caused by any negligent act or omission of the defendant. There is reversible error in the refusal of the lower court to enter judgment in favor of the defendant n.o.v.

The plaintiff testified: ". . . as I walked down the steps on the second step my heel *got caught* and I fell down and I fell forward . . . as I come down the second step on the porch, I *got caught*." Leonard took his mother to the hospital and the record there, based on his report of what she told him states that *"she tripped"*. (Emphasis ours). In the light of the verdict this plaintiff is entitled to every favorable inference from this record but it must be noted that there is no direct evidence that plaintiff stepped on an apple core or that an apple core or any other foreign substance had anything to do with her fall.

The present appeal is ruled by the well settled principles set forth in *Rogers v. S. Phila. Nat. Bank,* 160 Pa. Superior Ct. 154, 50 A. 2d 697 and in many like cases, to this effect: "Proof of injury alone or of negligence of a defendant without proof that the negligence caused the injury cannot establish liability", citing *Burns v. City of Pittsburgh,* 320 Pa. 92, 181 A. 487. "Proving that an accident happened, or the existence of an opportunity for it to happen is entirely insufficient to establish negligence. Stern v. Reading, 255 Pa. 96, 99 A. 367; Schlebach v. Boat Trades Association, 158 Pa. Superior Ct. 362, 45 A. 2d 410." A plaintiff is required to show not only negligence on the part of the defendant "but that the injuries complained of were the result of such negligence (Reddington v. Philadelphia, 253 Pa. 390, 98 A. 601) . . ." Specifically, *Houston v. Republican Athletic Association,* 343 Pa. 218, 22 A. 2d 715 governs the present appeal. In that case the plaintiff's decedent fell and was fatally injured as he descended a stairway from a club room in the building occupied by the defendant. There were no witnesses to the fall but it was contended that it was caused by a splinter of wood on the edge of a step of the stairway on which deceased caught his foot, causing him to plunge headlong to a landing below. At the close of plaintiff's case a compulsory nonsuit was entered which the lower court refused to take off. In affirming the judgment, the Supreme Court said: "In the absence of any direct proof as to the manner in which the accident occurred, the burden was on appellant to produce evidence of circumstances 'so strong as to preclude the possibility of injury in any other way and provide as the *only* reasonable inference the conclusion' that her husband's death was caused by the negligence of appellees in the manner alleged . . . 'Proving

that an accident happened, or the existence of an opportunity for it to happen in the manner alleged, is entirely insufficient to establish negligence: . . . Plaintiff must go further and show not only defendant's negligence, but that the injuries complained of were the result of such negligence: . . .' . . . While it may be that appellant's hypothesis as to the cause of this regrettable accident is a plausible one, for all that appears from the evidence, the circumstances relied upon are at least equally consistent with theories of the case attributing the accident to a variety of causes, not excluded by the evidence, for none of which any of appellees could conceivably be held liable, as the court below has pointed out, including the possibility that the deceased may simply have tripped or stumbled, without such tripping or stumbling having any connection whatever with the defects in the steps complained of. Under these circumstances, a finding that the fatal injuries of appellant's husband resulted from the negligence alleged would, at most, represent nothing but a mere guess or conjecture; hence, a verdict for appellant could not be sustained. 'Where a defendant is liable for only one of two or more equally probable causes and to say which is a mere guess, there can be no recovery' ". The statements in the above subquotations are from cases cited in the opinion which are equally pertinent here. We have consistently adhered to these principles. Thus, in *Hulings v. Pittsburgh*, 150 Pa. Superior Ct. 338, 28 A. 2d 359, on facts much more favorable to recovery than in the instant case, we entered judgment for the defendant notwithstanding a verdict for the plaintiff because of the failure of the plaintiff to identify the defect which caused her fall. An allocatur was refused in the *Hulings* case and it has been cited in affirmance of its controlling

principle by our Supreme Court, e.g., in *Zieg et vir v. Pittsburgh,* 348 Pa. 155, 157, 34 A. 2d 511. Cf, also, *Rogers v. Horn & Hardart Baking Co.,* 183 Pa. Superior Ct. 83.

In support of the judgment the plaintiff relies upon *Branch v. Phila. Trans. Co.,* 374 Pa. 60, 96 A. 2d 860; *Norris v. Pennsylvania Railroad Company,* 317 Pa. 586, 177 A. 785; and *Jerominski v. Fowler, Dick & Walker,* 372 Pa. 291, 93 A. 2d 433. In the *Branch* case the plaintiff was waiting for a street car and noticed that on the platform there was a lot of litter and trash. When the street car arrived, she walked forward and as she stepped on some papers, she slipped and fell. A witness observed that, adhering to the plaintiff's shoe there was part of a banana peel. There was no denial that there was a banana peel at the place where she fell. In the *Norris* case, the plaintiff was injured when she alighted from a railroad car and, while on the steps, her foot came in contact with a pile of dirt which she had not seen. Something rolled under her foot like a match, which she sensed, and she was thrown down the steps. There were match sticks, cigarette butts and cigar butts in the litter; as in the *Branch* case, the object which caused the person to fall was identified. In the *Jerominski* case, the plaintiff, while descending a stairway between floors in the defendant's department store, fell and was injured. She testified that her foot came in contact with an oily or greasy substance on the third or fourth step of the stairway and this caused her to slip and fall. A witness testified that she saw the plaintiff step on the grease spot and fall. In that case the plaintiff, corroborated by a witness, was able to identify the condition which caused her fall.

Assuming, under the verdict of the jury, that a crushed apple core can disclose the imprint of a heel it does not reasonably follow that plaintiff crushed the core by stepping upon it. Unlike the factual situations in the cases relied on by the plaintiff, here her own testimony, as to how the accident happened, did not contain the slightest reference to any foreign substance or unusual condition of the step which caused her to fall. In her testimony, as we have indicated above, she stated that her "heel got caught" and she attributed her fall to "tripping" because of that fact and nothing else. Plaintiff's son was not a witness to the accident; he responded to her call after she had fallen and he found her lying on the concrete pavement at the foot of the steps. Leonard in his testimony first said that his mother told him that she had "slipped on that second step". Further on he testified that she said "I tripped on that step there". The sensation of *slipping* is entirely different from that of *tripping* and if plaintiff had slipped she would have said so at the trial of this case. The fact that she did not so state, when testifying under oath as to the circumstances attending her injury is not without significance. Plaintiff did not see the apple core either before or after her fall and she did not refer to it as the cause of her injury. Moreover there is no evidence of even a trace of the pulp of an apple adhering to plaintiff's heel. In addition, and again assuming that an apple core was crushed by someone who stepped upon it, the circumstances do not exclude all but the plaintiff as the cause of it in this case. In the defendant's household there were also her child and the plaintiff's husband. In addition, two couples, as defendant's tenants, occupied the second and third floors of the house and any one of these persons or their visitors

in coming or going might have stepped on the remnant of the apple on the second step. The verdict in this case therefore rests on nothing more substantial than pure speculation and mere guess as to defendant's negligence as the cause of the injury.

Judgment reversed and here entered for the defendant n.o.v.