**Cline License**

*Roland E. Sykes*, for appellant.

*R. Barry McAndrews*, for Commonwealth.

MONROE, J., February 4, 1970.—On April 11, 1967, and for sometime prior thereto, appellant operated an automobile service station at Fox Street and Hunting Park Avenue in Philadelphia, Pa. In about February of 1967 he employed Gary Sanderson to operate the station during the "night shift." Appellant operated the station during "day shift," from 9 a.m. to 7 p.m. During the time that Sanderson was in appellant's employ, Sanderson generally drove his own car in getting to and from work, but at times appellant permitted Sanderson to use his, appellant's, personal car and tow car and Mrs. Cline's car for getting to and from work. Stored on the gas station premises were several cars which were operative. Sanderson was never given permission to use any of them. One was a car owned by Mr. Jesse R. Richberg of 3100 Berkley Drive, Philadelphia, Pa., who had left it at appellant's service station for repairs in November of 1966 and had not returned for it.

On April 11, 1967, Sanderson, on his way home, was operating the Richberg car. On Route 611 in Horsham, Montgomery County, Pa., at 2:30 a.m., he was

apprehended by John Nathern, a police officer, because the tail lights of the car were not operating. On investigation, the officer observed that the car was carrying a temporary registration plate and inspection sticker, neither of which had been issued for that car. The officer had the car towed to the police station where it was retained. Sanderson was promptly prosecuted for driving a vehicle without operating tail lights, for operating a vehicle without proper registration and for improper transfer of an inspection sticker. Appellant did not know Sanderson had been operating the Richberg car until the morning of the day following Sanderson's apprehension. Appellant was prosecuted for a violation of section 626 of The Vehicle Code which provides:

"No person shall authorize or permit a motor vehicle or tractor owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

When a summons in connection therewith was served upon him, appellant became irritated and being unaware of any future possible consequences of the prosecution, did not appear for a hearing but ordered Sanderson personally to pay the fine, which Sanderson did.

On September 29, 1967, the Secretary of Revenue notified appellant that by authority of section 618(b) (2) of The Vehicle Code, his motor vehicle privileges had been withdrawn for a period of two months, effective October 9, 1967, for violation of section 626 of The Vehicle Code "Permitting a Violation." This appeal was taken, which acted as a supersedeas.

At the de novo hearing before us, the only witness for the Commonwealth was the officer who arrested Sanderson. Appellant testified for himself. Sanderson was not produced by either side. He was unavailable. He had left the employ of appellant and the place

where he had resided without leaving a forwarding address. It was believed that he was in the United States Air Force, stationed in California.

The evidence against appellant and in support of the Commonwealth's case is at best circumstantial: the facts that Sanderson was in appellant's employ, the Richberg car was in appellant's custody but in Sanderson's possession at the time of the violation, the fines in the prosecutions against appellant were paid, and the testimony of Officer Nathern that appellant had told him that the car was his, and when appellant came to retrieve the car the circumstances were explained to appellant "and he neither acknowledged nor denied any of the violations." * Any inferences that may be drawn against appellant from the foregoing are counterbalanced by appellant's testimony that he did not give Sanderson permission to use the Richberg car, that the fine in the prosecution against him was paid by Sanderson at his order when he did not realize further consequences might flow from the payment of the fine. There is not sufficient evidence before us to establish that the violations of The Vehicle Code committed by Sanderson were permitted by appellant. Appellant's violation of section 626 of The Vehicle Code must be established by the preponderance of the evidence: Commonwealth v. Funk, 323 Pa. 390, 400.

"When a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith": Graham v.

---

* Scarcely an admission that appellant had permitted the violation.

Sieger, 196 Pa. Superior Ct. 622, 626 (1961).

The evidence produced by the Commonwealth does not preponderate in its favor in this case. Therefore, we enter the following

ORDER

And now, February 4, 1970, the within appeal is sustained; the order of the Secretary of Revenue of the Commonwealth of Pennsylvania dated September 29, 1967, withdrawing the motor vehicle privileges of Robert T. Cline, appellant, for a period of two months, is overruled.