Martin *v*. Pittsburgh, Appellant.

2

Argued November 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before SMART, J.

*Marcus Aaron, II,* Assistant City Solicitor, with him *David W. Craig,* City Solicitor, for City of Pittsburgh, appellant.

*Stanley W. Greenfield,* with him *George S. Goldstein,* for appellees.

OPINION BY FLOOD, J., December 14, 1961:

The defendant has appealed from the court's refusal of its motion for judgment n.o.v. following a verdict for the plaintiffs in a suit arising out of a fall upon the crosswalk of an alley in the City of Pittsburgh. The wife-plaintiff testified that she fell when her foot went into a hole about two feet long, six inches wide and three to four inches deep. No question of contributory negligence is raised on this appeal. Mrs. Martin suffered a broken ankle and was taken to the hospital. The hospital record states: "Chief Complaints: Fell on the ice and hurt her right knee and ankle."

The defendant's motion is based upon three grounds (1) that testimony as to the general condition of the street only, but not as to the existence of the particular defect prior to the accident, does not establish constructive notice to the city; (2) that the plaintiffs' evidence

presented alternative theories, on one of which, that the plaintiff slipped on the ice, the city would not be held liable, and the jury should not be permitted to speculate between them; (3) that the medical testimony indicates that her injuries resulted from slipping or falling on the ice, and therefore the city's negligence in allowing the hole to remain in the crosswalk is not the proximate cause of the injury.

1. As to notice, Mrs. Martin testified that the condition of the street at the place where she fell was bad, that it was bad before she fell, that it has "been bad all along". She had lived in the area "I guess about seven or eight years". On cross-examination, she testified that "it was there all the time and a lot more".

Her witness, Jean Taylor, said that "in terms of weeks or days" the condition of the street at that place "was very bad and had holes in the street". She had seen that particular hole, into which the plaintiff fell, before.

James Taylor, testified that the plaintiff's foot was in the hole when he picked her up after the fall, that the roadway had a lot of holes in it, and that this condition had been there for "a good while".

The city's argument is that, in the absence of actual notice to it of the defect, it must appear how long the particular hole into which plaintiff fell had existed. The defendant relies on *Hulings v. Pittsburgh*, 150 Pa. Superior Ct. 338, 28 A. 2d 359 (1942), in which we held that there was not sufficient evidence that the city's negligence caused the plaintiff's injury. The testimony there was that there were ridges of ice on the pavement, and Mrs. Hulings' feet slipped on the ice, but she did not identify any particular ridge of ice which caused her to fall nor say that a ridge caused her fall. We do not have such a situation here. The plaintiff and her witnesses identified the particular hole into which her foot went as the cause of her fall.

4

The *Hulings* case, as the defendant points out, stands for the proposition that a bad general condition on the pavement in the area is not sufficient to create liability in the absence of evidence that any particular defect caused the fall. However, we do not follow its argument that this holding logically leads to the conclusion that notice of the bad general condition of the pavement in the area is not sufficient to bring home notice to the city of the particular defect in that area which actually did cause the fall. This logic is not apparent to us. Proof of the existence for some time of a general bad condition of the street in the area "with holes in it" is sufficient to take the case to the jury on the question of constructive notice. The defendant's position, if adopted, would mean that the more holes in the street and the worse its condition, the more difficult it would be to prove notice because of the difficulty of giving the history of any particular hole. Neither *Hulings v. Pittsburgh*, supra, nor any other case cited to us, leads to such a conclusion. See 19 McQuillin, Municipal Corporations (3rd Edition 1950), §54.112.

2. The remaining contention of the defendant is that, assuming its negligence in allowing the hole to remain in the street, this negligence did not cause the accident. This argument falls into two parts, which constitute the second and third grounds of appeal stated by the defendant: (1) the plaintiff presented two theories of liability on only one of which the city would be liable; and (2) the medical testimony is consistent only with a theory upon which the defendant is not liable. Both parts of this argument are based upon the statement in the hospital report that the wife-plaintiff "fell on the ice" and her doctor's testimony that the history "as given to us at that time was that the patient slipped on the ice . . . after she had stepped off a curb and fell to the street . . ."

We thus have the plaintiff's own statement that her foot went into the hole and she fell, a statement in the hospital report that she fell on the ice and the doctor's statement, which seems to be hearsay, that she slipped on the ice. The difficulty with the city's contention is (1) that these statements are not necessarily alternatives and (2) that the city may be liable for an injury resulting from slipping on the ice, if the city's negligence caused the plaintiff to slip. If the plaintiff slipped on the ice after her foot went into the hole, the hole could be found to be a contributing cause of her injury and the city would be subject to liability to her. If she had slipped on the ice at a spot where the sidewalk was otherwise in good condition or if the ice, in conjunction with a defect in the sidewalk so slight that it would not constitute negligence on the part of the city, had caused her fall, the city might not be held liable. This was the situation in *Davis v. Potter,* 340 Pa. 485, 17 A. 2d 338 (1941), relied upon by the defendant. The court in that case held that while the plaintiff complained of a slight elevation she did not stumble or trip over it, nor did the court indicate that it was in any way the cause of her fall.

Here the plaintiff's testimony is that she fell when her foot went into the hole. If there was snow in the hole and the snow made the bottom of the hole slippery, the city's negligence in allowing the hole to remain unrepaired is not necessarily superseded as a cause of her injury by the recent snow that caused the depressed surface to be slippery. If the negligence of the city is a concurrent cause of her injury, it is liable to her. 19 McQuillin, Municipal Corporations (3rd Edition 1950), §54.154. This was for the jury under the testimony.

Judgment affirmed.