## Houston, Appellant, *v.* Republican Athletic Association et al.

Argued October 9, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Jacob G. Crookston,* with him *William D. Forsyth,* for appellant.

*H. E. McCamey* and *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellee, were not heard.

*Joseph R. Doherty* and *Artemas C. Leslie,* of *McCloskey, Best & Leslie,* for appellee, were not heard.

OPINION BY MR. JUSTICE PATTERSON, November 24, 1941:

Mary C. Houston, appellant, instituted this action in trespass to recover damages for the death of her husband, Cornelius M. Houston, who fell and was fatally injured on January 8, 1938, at about 4:30 a.m., as he was descending the stairway leading to the first floor from a club room occupied by the Republican Athletic Association, under a sub-lease, on the second floor of a three story building located at 242 Diamond Street, Pittsburgh. According to appellant's theory, the deceased's fall, which was unwitnessed by any person, was caused by a splinter or sliver of wood, three to five inches long, on the edge of the third step from the top of the stairway, on which deceased caught his foot as he descended, causing him to plunge headfirst to a landing eleven steps below. The Republican Athletic Association, a Pennsylvania corporation of the first class, of which the injured was a member, Stouffer Pennsylvania, Incorporated, an Ohio corporation and lessee of the building in its en-

tirety, and Henry Lee Mason, Jr., owner of the premises in question, were all joined as defendants in the action and are the appellees.

At the close of appellant's evidence, the court below entered a compulsory nonsuit on the ground that, assuming the evidence disclosed a defective condition sufficient to constitute a breach of duty on the part of one or all of the appellees, there was no sufficient proof that the deceased's fall was due to any such condition. Appellant filed a motion to take off the nonsuit, which was dismissed, and she has taken this appeal, contending that the evidence disclosed facts and circumstances from which it could reasonably be inferred that the accident occurred in the manner alleged and that "if a jury could draw *a* reasonable inference from the evidence that the three, four, or five inch springy sliver on the edge of the tread of the third step down from the second floor could, under the circumstances of this case, have caused the fall", then the case should have been submitted to the jury.

In the absence of any direct proof as to the manner in which the accident occurred, the burden was on appellant to produce evidence of circumstances "so strong as to preclude the possibility of injury in any other way and provide as the *only* reasonable inference the conclusion" that her husband's death was caused by the negligence of appellees in the manner alleged. See *Pfendler v. Speer,* 323 Pa. 443, 448; *Wenhold v. O'Dea,* 338 Pa. 33, 35; *Skrutski v. Cochran,* 341 Pa. 289, 291. "Proving that an accident happened, or the existence of an opportunity for it to happen in the manner alleged, is entirely insufficient to establish negligence: *Stern v. Reading,* 255 Pa. 96. Plaintiff must go further and show not only defendant's negligence, but that the injuries complained of were the result of such negligence: *Reddington v. Philadelphia,* 253 Pa. 390; *Wagner v. Lehigh Traction Co.,* 212 Pa. 132": *Erbe v. Phila. R. T. Co.,* 256 Pa. 567, 570. While it may be that appellant's hypothesis as to the

cause of this regrettable accident is a plausible one, for all that appears from the evidence, the circumstances relied upon are at least equally consistent with theories of the case attributing the accident to a variety of causes, not excluded by the evidence, for none of which any of appellees could conceivably be held liable, as the court below has pointed out, including the possibility that the deceased may simply have tripped or stumbled, without such tripping or stumbling having any connection whatever with the defects in the steps complained of. Under these circumstances, a finding that the fatal injuries of appellant's husband resulted from the negligence alleged would, at most, represent nothing but a mere guess or conjecture; hence, a verdict for appellant could not be sustained. "Where a defendant is liable for only one of two or more equally probable causes and to say which is a mere guess, there can be no recovery": *Anderson v. Reading Co.,* 306 Pa. 246, 250. See also: *Gausman v. R. T. Pearson Co.,* 284 Pa. 348, 352; *Ranck v. Sauder,* 327 Pa. 177, 180; *Dunkerton v. North Braddock Borough,* 330 Pa. 89, 91.

Because of the reliance placed by appellant upon the presumption of due care on the part of deceased, it is pointed out that we do not rule this case on the theory of contributory negligence, but upon the absence of proofs from which it could justifiably be inferred that the injuries resulting in the death of the husband occurred in the manner alleged. The presumption that the deceased was not negligent lends no basis for inferring that the death was brought about by the negligent act of appellees; it merely negatives contributory negligence as a factor. See *Pfendler v. Speer, Wenhold v. O'Dea, Skrutski v. Cochran,* all cited supra.

Judgment affirmed.