Radies et vir, Appellants, *v.* Reading Liederkranz German Singing and Sport Society.

510

Argued March 5, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

Before READINGER, J.

*Peter F. Cianci,* for appellants.

*Robert I. Cottom,* with him *Matten and Cottom,* for appellee.

OPINION BY WRIGHT, J., March 21, 1962:

Werner Alfred Radies and his wife, Edith, filed a complaint in trespass against the Reading Liederkranz German Singing and Sport Society, a non-profit corporation, to recover damages for personal injuries sustained when Edith fell while descending a stairway leading from the second to the first floor of defendant's premises at 836 Chestnut Street in the City of Reading. At the conclusion of plaintiffs' testimony, defendant

moved for a compulsory nonsuit, which motion was overruled. Defendant also presented a point for binding instructions, which point was refused. The jury returned a verdict in favor of the husband-plaintiff in amount of $796.00, and a verdict in favor of the wife-plaintiff in amount of $3,704.00. The court below subsequently entered judgments in favor of the defendant non obstante veredicto, and these appeals followed.

The question before us, as stated by counsel for appellants, is as follows: "Is the plaintiffs' evidence as to defendant's negligence so totally lacking that the jury verdict in favor of the plaintiffs should not be allowed to stand?" In passing on this question we must of course view the evidence in the light most favorable to the verdict-winners: *Richardson v. Wilkes-Barre Transit Corp.,* 172 Pa. Superior Ct. 636, 95 A. 2d 365.

The plaintiffs were their only witnesses on the question of negligence. On the night of October 25, 1958, they attended a dance on the second floor of a club owned and operated by the defendant. The sole access to the second floor was a stairway, which was admittedly well lighted. The plaintiffs had used this stairway on several prior occasions. On the night in question, the plaintiffs had walked up the stairway, along with some two hundred other persons. They were among the last to leave the dance. The wife preceded her husband. She had a purse and sweater in her left hand, and was wearing high heel shoes. The husband testified that, when his wife was about half way down the stairway, he saw her fall but did not know the cause of the fall. The wife first testified that her left foot "tripped" and her shoe fell off. Her right hand was on the bannister or railing, but she testified that it was loose. On cross-examination she testified that her left foot "slipped" because of the smoothness of the step. Neither plaintiff inspected the stairway that evening, but the husband returned a week later to make meas-

urements. He testified that there were fifteen steps, each of which was forty inches wide. The risers were eight inches high, and the treads were nine and three-quarters inches deep. The boards constituting the treads were originally one inch thick but, away from the wall where people walked up and down, the front portions of the treads were worn down to three-eighths of an inch. At these points the paint had worn off, and the steps were smooth. The husband further testified that the grain of the wood stood up in ridges one-sixteenth of an inch high, that several of the steps rocked, and that the railing shook. The shoes worn by the wife-plaintiff were offered in evidence and, by agreement of counsel, the stairway was inspected by the jury.

The applicable legal principles are well settled. The possessor of land is not an insurer, and is liable for injury sustained by his invitees resulting from a condition on the land only upon proof of his causative fault: *Oberheim v. Pa. Sports and Enterprises,* 358 Pa. 62, 55 A. 2d 766. In other words, it was incumbent upon appellants in the case at bar to show that the defendant was negligent in the construction or maintenance of the stairway. Our examination of this record leads us to agree with the conclusion of the court below that appellants did not meet their burden of proof.

It should be noted that the case at bar does not involve the presence of a foreign substance on the steps, as was the situation in *Jerominski v. Fowler, Dick and Walker,* 372 Pa. 291, 93 A. 2d 433, cited by appellants. In *Chapman v. Clothier,* 274 Pa. 394, 118 A. 356, wherein a store customer allegedly fell on a worn stairway, the evidence established that the depression in the step did not exceed one-sixteenth of an inch in depth. Our Supreme Court set aside verdicts for the plaintiff and her husband, and entered judgments n.o.v. To the same effect are *Novek v. Horn and Hardart Baking Co.,*

364 Pa. 349, 72 A. 2d 115, and *Copelan v. Stanley Company of America,* 142 Pa. Superior Ct. 603, 17 A. 2d 659. So far as the purported looseness of the handrail and rocking of the steps are concerned, there is no evidence that these alleged defects were present before the accident. Appellants did not show that such conditions existed, if at all, for a sufficient time to charge the appellee with constructive notice. See *Angelelli v. A. J. Mansmann Co.,* 168 Pa. Superior Ct. 275, 77 A. 2d 678; *Hartigan v. Clark,* 401 Pa. 594, 165 A. 2d 647.

Indeed, this record does not clearly disclose the exact manner in which the accident occurred, or that the alleged defects actually were the cause thereof. The sensation of tripping is entirely different from that of slipping. See *Hillelson v. Renner,* 183 Pa. Superior Ct. 148, 130 A. 2d 212. As stated in *Houston v. Republican Athletic Association,* 343 Pa. 218, 22 A. 2d 715: "Proving that an accident happened, or the existence of an opportunity for it to happen in the manner alleged, is entirely insufficient to establish negligence ... . Plaintiff must go further and show not only defendant's negligence, but that the injuries complained of were the result of such negligence ... While it may be that appellant's hypothesis as to the cause of this regrettable accident is a plausible one, for all that appears from the evidence, the circumstances relied upon are at least equally consistent with theories of the case attributing the accident to a variety of causes, not excluded by the evidence, for none of which any of appellees could conceivably be held liable, as the court below has pointed out, including the possibility that the deceased may simply have tripped or stumbled, without such tripping or stumbling having any connection whatever with the defects in the steps complained of. Under these circumstances, a finding that the fatal injuries of appellant's husband resulted from the negligence alleged would, at most, represent nothing but

a mere guess or conjecture; hence, a verdict for appellant could not be sustained".

Judgments affirmed.