## Rogers et vir, Appellant, *v.* Binkham.

Argued March 4, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Robert J. Murphy*, with him *Christopher T. Powell* and *Joseph M. Goldstein*, for appellants.

*James W. Scanlon*, for appellees.

OPINION BY WRIGHT, J., March 19, 1963:

Ann Rogers and her husband, Joseph, filed a complaint in trespass against Harry Binkham and Jack Binkham, individually and trading as Salben's, a part-

nership, to recover damages for personal injuries sustained when the wife-plaintiff fell in the entryway of defendants' store at 422 Lackawanna Avenue in the City of Scranton. The complaint also named as a defendant, the Apparel Realty Company, owner of the building. When the trial commenced, counsel for the plaintiffs discontinued the action so far as it concerned the Apparel Realty Company. At the conclusion of plaintiffs' testimony, defendants moved for a compulsory nonsuit, which motion was overruled. Defendants also presented a point for binding instructions, which point was refused. The jury returned a verdict in favor of the husband-plaintiff in amount of $227.45, and a verdict in favor of the wife-plaintiff in amount of $2,500.00. The court en banc subsequently entered judgments in favor of the defendants non obstante veredicto, and this appeal followed.[1] The factual situation appears in the following excerpt from the opinion below:

"On May 6, 1958 at 5:00 o'clock in the afternoon plaintiff Ann Rogers, then in the second month of pregnancy, was on a shopping tour in Scranton. She was then living in New Jersey but visiting in Scranton, her former home, and was intimately familiar with its streets and shops. The day was rainy, intermittent thundershowers having occurred since the preceding midnight. Rain had fallen within half an hour before 5:00 P.M. Mrs. Rogers, carrying an umbrella, closed, a raincoat and a small package, crossed Lackawanna Avenue at Wyoming, proceeded east on Lackawanna to Salben's, a women's apparel shop, turned in to the entry, took two and one half or three steps, slipped and fell, receiving the injuries complained of.

---

[1] There should have been two appeals, but this procedural discrepancy is not material in view of our disposition of the case.

"The entryway was the familiar type recessed open area leading directly off the sidewalk on the same level, between show windows on each side, with the door to the shop several feet farther, beyond the point of fall. The entry area was paved with terrazzo tile, was wet, shiny and slippery from the recent rain and when Mrs. Rogers was assisted to her feet by one of the store employees who had observed the fall, there was some dirt on her arm and clothing.

"Mrs. Rogers was to enter the store on business, and was thoroughly familiar with the entryway, having been a customer or visitor to the place for ten years or more. She was looking where she was going, and to her the entry area looked exactly as it had looked for the last ten years".

The decision of the court en banc was based on its conclusion (a) that plaintiffs failed to make out a case of actionable negligence, and (b) that the wife-plaintiff was chargeable with contributory negligence. In our view of the case it will be necessary to consider only the first question. We must of course examine the evidence in the light most favorable to the verdict winners: *Farmers' Northern Market Co. v. Gallagher*, 392 Pa. 221, 139 A. 2d 908.

The possessor of land is not an insurer, and is liable for injury sustained by his invitees only upon proof of his causative fault: *Radies v. Reading L. G. S. & S. Society*, 197 Pa. Superior Ct. 509, 178 A. 2d 789. The mere showing of an accident and injury does not prove negligence. The burden of furnishing proof of the existence of negligence is upon him who asserts it: *Davies v. McDowell National Bank*, 407 Pa. 209, 180 A. 2d 21. And see *Stewart v. Morow*, 403 Pa. 459, 170 A. 2d 338. Appellants contend that appellees knew that the terrazzo construction of their vestibule constituted a dangerous condition, and did not exercise ordinary care to keep it reasonably safe. The only testimony on this

pivotal issue was that of Mrs. Rogers, and it falls far short of meeting the required burden of proof. The cases cited by appellants are generally concerned with accidents occurring within the premises, and contain evidence either of a foreign substance on the floor, or of a dangerous condition tantamount to defective construction. In *Katz v. John Wanamaker, Philadelphia,* 381 Pa. 477, 112 A. 2d 65, *Cohen v. Food Fair Stores,* 190 Pa. Superior Ct. 620, 155 A. 2d 441, and *Dougherty v. Philadelphia National Bank,* 408 Pa. 342, 184 A. 2d 238, water had been tracked inside the premises so that the interior floor became slippery. In *Weir v. Bond Clothes,* 131 Pa. Superior Ct. 54, 198 A. 896, irregular patches of wax were permitted to remain on the aisle floor. In *Morris v. A. & P. Tea Co.,* 384 Pa. 464, 121 A. 2d 135, where the accident occurred outside the premises, there was uncontradicted evidence that plaintiff fell when her foot slipped on a ridge of ice in the parking lot maintained by defendant for its customers. *Cestaric v. Pennsylvania Greyhound Lines,* 139 F. 2d 566, concerns the liability of a common carrier and can be distinguished on its facts.

The cases cited stand for the proposition that failure to correct an unusual and dangerous condition is negligence. However, it is our opinion that a terrazzo entranceway, even though wet from rain, is not of itself such a dangerous condition as to constitute negligence. Cf. *Sheridan v. Horn & Hardart Baking Co.,* 366 Pa. 485, 77 A. 2d 362. In the case at bar, there is no complaint or evidence of improper construction. The only cause assigned for wife-appellant's fall was that the floor of the vestibule was wet and slippery. This was not sufficient to give rise to an inference of negligence on the part of appellees: *Burton v. Horn & Hardart Baking Co.,* 371 Pa. 60, 88 A. 2d 873. The standards of care applicable to a store vestibule which is on a level with and merely a continuation of the

sidewalk are the same as those applied to the sidewalk itself: *Bilger v. Great A. & P. Tea Co.*, 316 Pa. 540, 175 A. 496. The law does not require that sidewalks shall be as free of imperfections as the floors of buildings. A reasonably safe condition is all that is necessary: *German v. McKeesport City*, 137 Pa. Superior Ct. 41, 8 A. 2d 437.

*Copelan v. Stanley Company of America*, 142 Pa. Superior Ct. 603, 17 A. 2d 659, contains a discussion of terrazzo construction in business establishments. This material has a natural tendency to become slippery when wet or worn. However, in the words of Judge HIRT, "the law imposes no duty upon an owner to remodel his building periodically to conform with every change indicated by improved methods of construction as to design or the kind of materials to be used". As stated in the well considered opinion of President Judge HOBAN for the court below: "Unless we are to impose a duty on storekeepers higher than any now known to the law of Pennsylvania, because of the mere maintenance of a tile entryway which is slippery of its very nature or which becomes slippery by the action of the elements, there is no evidence from which negligence may be imputed . . . And unless we can say that land owners are forbidden to put such floors where they may be exposed to the weather, as is any sidewalk extension, we cannot see that rainwater makes them so much more dangerous that the court must declare their maintenance under such conditions to be negligent action".

Judgments affirmed.