**Piccoli v. Goetzberger**

*Elliot Kolodny,* for plaintiffs.

*R. Anthony Michetti,* for defendant Dr. Ernest Goetzberger.

*Edward J. Stolarski,* for defendant E. Schmidt Paving Co.

McANDREWS, *J.,* November 13, 1996—This matter is before the court for disposition of motions for post-trial relief filed by plaintiffs Anne T. and Raymond C. Piccoli.

Plaintiff Anne Piccoli fell on May 9, 1992, while walking on the blacktop driveway owned by defendant Ernest Goetzberger. In 1990 defendant E. Schmidt Paving Co. had applied a sealant to the blacktopped area where the accident occurred. The injured plaintiff and her husband, Raymond Piccoli, filed suit against both defendants for damages resulting from the fall. The case was called for trial on February 13, 1996. At the close of plaintiffs' evidence on February 15, 1996, the

court granted motions for involuntary nonsuit in favor of defendants Goetzberger and Paving Co. Post-trial motions were timely filed.

The record discloses that for approximately 20 years, defendant Goetzberger had served as plaintiff Anne Piccoli's dentist, with his office located on the subject property. In the summer of 1990, defendant Goetzberger hired defendant Paving Co. to re-seal all blacktop areas on his property. According to standard practice, defendant Paving Co. added sand to the sealant it applied. This was intended to increase the traction of the surface.

On May 9, 1992, plaintiffs arrived for plaintiff Anne Piccoli's 8 a.m. dental appointment. Plaintiffs parked their car in the driveway provided for that purpose and proceeded toward the dental office. A light rain was falling. Plaintiff Anne Piccoli wore shoes with low, rubber heels and leather soles. As the pair walked down a sloping blacktopped area leading to the office door, plaintiff Anne Piccoli stated she "just went down." Subsequent inspection indicated no puddles, debris or slippery substance such as oil were present.

The day after the accident, defendant Goetzberger visited the injured plaintiff at the hospital. The defendant allegedly stated that it was the second time "something like this" had happened. It was later revealed that a patient had fallen on a stairway on defendant Goetzberger's property. The incident had occurred 10-15 years prior to the date of plaintiff Anne Piccoli's fall.

At the conclusion of plaintiffs' case, the court granted the involuntary nonsuit, because the plaintiffs failed to offer evidence that defendant had prior notice of an unreasonable risk of harm.

In the post-trial motion to remove the nonsuits entered in favor of defendants Goetzberger and Paving Co., plaintiffs contend that the court erred in:

"(1) concluding defendant Goetzberger lacked actual or constructive notice of any unreasonable condition on his property;

"(2) not concluding that, based on testimony by engineering expert Dr. Norman Goldstein as to the unreasonably dangerous condition of the blacktop, defendant Paving Co. negligently sealed said blacktop;

"(3) denying a motion in limine by plaintiffs to preclude the testimony by Sergei Borischevsky, defense liability expert witness;

"(4) precluding plaintiffs' engineering expert, Dr. Goldstein, from testifying about compliance with a building code known as BOCA;

"(5) precluding Dr. Goldstein from commenting on test results obtained by defense expert Lawrence Dinoff . . . ."

First, the court addresses the issue of the nonsuit in favor of defendant Goetzberger. Under Pennsylvania law, entry of nonsuit is proper where it is clear that the plaintiff has failed to establish a cause of action. *Coatesville Contractors & Engineers Inc. v. Borough of Ridley Park,* 509 Pa. 553, 506 A.2d 862 (1986). It is also well-settled that a landowner may be held liable for physical harm to invitees caused by a defect in the land only when the landowner either actually knew or had reason to know of a defect that involved an unreasonable risk of harm. *Blackman v. Federal Realty Investment Trust,* 444 Pa. Super. 411, 664 A.2d 139 (1995) (relying on Restatement (Second) of Torts §343).

There was no evidence that defendant Goetzberger had either actual or constructive knowledge of a dangerous condition which he failed to correct. Plaintiffs contend the court erred by not allowing testimony as

to a statement by defendant Goetzberger that a previous accident had occurred on his property. The reference was to an incident which took place more than 10 years previous to the date in question and on a stairway rather than the subject driveway. The court concluded that any relevance in the statement to the circumstances of plaintiff Anne Piccoli's fall was outweighed by its tendency to produce unfair prejudice and/or confuse the issues. See *Daset Mining Corp. v. Industrial Fuels Corp.,* 326 Pa. Super. 14, 473 A.2d 584 (1984).

In addition, there was no evidence that Dr. Goetzberger should have been alerted to the allegedly dangerous condition of the blacktop. Pennsylvania courts traditionally refuse to impute negligence where a surface is shown to be "slippery of its very nature" or of a kind which becomes slippery "by the action of the elements." *Rogers v. Binkham,* 200 Pa. Super. 312, 317, 188 A.2d 821, 823 (1963). There were no observable signs that the area of the fall was unreasonably dangerous and slippery. Although the blacktop was wet from recent rainfall, water was uniformly distributed and not collected in puddles. The surface was not covered with any noticeable, potentially slippery substance like oil. Neither was the surface marred by debris. Plaintiffs' engineering expert's testimony that the surface had an unreasonably slippery "coefficient of friction" was based on machine-aided testing and scientific formulations. Even if this unconvincing testimony is accepted, the court cannot impute such knowledge to defendant Goetzberger, a non-expert in the field.

Second, the court turns to the entry of nonsuit in favor of defendant Paving Co. Plaintiffs bore the burden of establishing a cause of action for negligence against the defendant Paving Co. See *Coatesville; supra.* In certain instances, it may be logical to infer negligence

from circumstantial evidence. *Gilbert v. Korvette's Inc,* 457 Pa. 602, 327 A.2d 94 (1974). However, the jury cannot be permitted to surmise or guess its way to a verdict. See *Engle v. Spino,* 425 Pa. 254, 228 A.2d 745 (1967).

Plaintiffs clearly failed to establish negligence on the part of defendant Paving Co. Plaintiffs' expert testified that the blacktop was unreasonably dangerous and slippery in 1992 when plaintiff fell. Defendant Paving Co. did not deny that it had applied a sealant to the surface in 1990. However, plaintiffs offered no evidence that the sealant applied by defendant Paving Co. remained and had not been worn away over the two year period. Neither did they offer evidence of the exact act or omission of the defendant which contributed to an unreasonable risk of harm. A jury could only conjecture as to whether and in what manner the defendant had breached any duty owed plaintiffs, and whether this breach could be a proximate cause of plaintiff's injuries.

Third, the court turns to the denial of plaintiffs' motion in limine to preclude the testimony of defense liability expert Sergei Borischevsky. Plaintiffs fail to address this issue in their memorandum of law in support of the post-trial motions and, therefore, are deemed to have abandoned this position. Plaintiffs are well-served by abandoning this position, since the witness in question never testified for defendants.

Lastly, the court examines the rulings relating to testimony by plaintiffs' engineering expert, Dr. Norman Goldstein. Plaintiffs failed to contest these rulings in any way prior to the post-trial motions. Further, as above, none of these rulings are addressed by plaintiffs in

the memorandum of law in support of the post-trial motions. Therefore, they are also deemed abandoned and without merit.

For the above-stated reasons, the court denies plaintiffs' motions for post-trial relief and enters the order attached hereto.